# EXHIBIT "A"

# The State of Texas



Service of Process
P.O. Box 12079
Austin, Texas 78711-2079

Phone: 512-463-5560
Fax: 512-463-0873
TTY (800) 735-2989
www.sos.state.tx.us

## Secretary of State

May 17, 2013

LANDIS TRANSPORT L L C
520 WINDERMERE CHASE E
MADISONVILLE, LA 70447

**2013-227332-1**
Include reference number in all correspondence

RE: Whitney Houston vs Landis Transport L L C and Jarvis R. Payton
    270th Judicial District Court Of Harris County, Texas
    Cause No: 201326397

Dear Sir/Madam,

Pursuant to the Laws of Texas, we forward herewith by CERTIFIED MAIL, return receipt requested, a copy of process received by the Secretary of State of the State of Texas on May 15, 2013.

CERTIFIED MAIL #71901046470100179973

Refer correspondence to:

Ryan H Zehl
Fitts Zehl LLP
2700 Post Oak Blvd
Suite 1120
Houston, TX 77056

Sincerely,

Helen Lupercio

Helen Lupercio
Team Leader, Service of Process
CT/mo
Enclosure

Filed 13 May 2 P2:10
Chris Daniel - District Clerk
Harris County
ED101J017484044
By: Nelson Cuero

2013-26397 / Court: 270

NO. _____

| | | |
|---|---|---|
| WHITNEY HOUSTON, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| LANDIS TRANSPORT, L.L.C. and JARVIS R. PAYTON, | § | |
| Defendants. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF WHITNEY HOUSTON'S ORIGINAL PETITION

Plaintiff, Whitney Houston, files her Original Petition, complaining of Defendants, Landis Transport, L.L.C. and Jarvis R. Payton, and respectfully shows the Court as follows:

### I.
### PARTIES & SERVICE

1. Plaintiff, Whitney Houston, is an individual who resides at 4600 Cullen Blvd., Apt. 276D, Houston, Harris County, Texas 77004.

2. Defendant, Landis Transport, L.L.C., is a Louisiana corporation whose home office and principal place of business is located at 520 Windermere Chase E. Madisonville, LA 70447 and is therefore a nonresident under section 17.041 of the Texas Civil Practice and Remedies Code and other applicable law. On information and belief, Landis Transport, L.L.C. does business in the State of Texas, does not maintain a place of regular business in Texas, has not designated or maintained a resident agent for service of process in Texas, and this lawsuit arises out of business in Texas to which Landis Transport, L.L.C. is a party. Therefore, pursuant to section 17.044 of the Texas Civil Practice and Remedies Code, section 5.251 of the Texas Business Organizations Code, and other applicable law, the Texas Secretary of State is Landis Transport, L.L.C.'s agent for service of process. Service of process directed at Landis Transport,

PLAINTIFF'S ORIGINAL PETITION                                          PAGE 1

L.L.C. can therefore be effectuated by the procedures outlined in section 17.045 of the Texas Civil Practice and Remedies Code, section 5.252 of the Texas Business Organizations Code, and other applicable law.

3. Defendant, Jarvis R. Payton, is an individual who resides at 667 Highway 1043, Greensburg, Louisiana 70441 and is therefore a nonresident under section 17.041 of the Texas Civil Practice and Remedies Code and other applicable law. On information and belief, Jarvis R. Payton does business in the State of Texas, does not maintain a place of regular business in Texas, has not designated or maintained a resident agent for service of process in Texas, and this lawsuit arises out of business in Texas to which Jarvis R. Payton is a party. Therefore, pursuant to section 17.044 of the Texas Civil Practice and Remedies Code, section and other applicable law, the Texas Secretary of State is Jarvis R. Payton's agent for service of process. Service of process directed at Jarvis R. Payton can therefore be effectuated by the procedures outlined in section 17.045 of the Texas Civil Practice and Remedies Code and other applicable law.

## II.
## JURISDICTION & VENUE

4. The subject matter in controversy is within the jurisdictional limits of this court, and Plaintiff expressly seeks money damages in excess of $100,000 with this suit.

5. This court has jurisdiction over the parties because Defendant, Jarvis R. Payton, while acting in the course and scope of his employment with Defendant Landis Transport, L.L.C., was involved in a collision while operating a motor vehicle within the State of Texas. That collision subsequently gave rise to this dispute. Further, all or a substantial part of the events giving rise to this dispute occurred within the State of Texas and all claims and actions alleged against Defendants arise out of the same transaction, occurrence, or series of transactions or occurrences.

6. Venue in Harris County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## III.
## FACTS

7. On February 6, 2013, Whitney Houston was driving northbound in approximately the 4800 block of the Texas Spur 5 Frontage Road in Houston, Harris County, Texas when she collided with Defendant Jarvis R. Payton's commercial tractor-trailer, which was negligently stopped and parked in the right lane of a poorly lit highway. Defendant failed to erect or place emergency warning devices around his vehicle, in violation of the Federal Motor Carrier Safety Regulations and the Texas Transportation Code, which prevented Ms. Houston from being able to see Defendant's vehicle prior to the collision. As a result of the impact, Ms. Houston suffered severe injuries as well as significant damage to her vehicle and property.

## IV.
## RESPONDEAT SUPERIOR

8. Whenever in this Petition it is alleged that Defendants did or failed to do any particular act and/or omission, it is meant that Defendants, acting individually, or by and through agents, officers, directors, servants, and employees, either did or failed to do that particular act and/or omission, in the course and scope of his employment, agency or contract with Defendants, and in furtherance of Defendants' business. Pursuant to Texas Rules of Civil Procedure 28, any entity doing business under an assumed name may be sued in its assumed name for the purpose of enforcing against it a substantive right.

9. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Jarvis R. Payton was within the course and scope of employment for Defendant Landis Transport, L.L.C..

10. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Jarvis R. Payton was engaged in the furtherance of the business of Defendant Landis Transport, L.L.C..

11. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Jarvis R. Payton was engaged in accomplishing a task for which he was employed by Defendant Landis Transport, L.L.C..

12. Additionally or alternatively, at the time of the occurrence of the act in question and immediately prior thereto, Defendant Jarvis R. Payton was a statutory employee of Defendant Landis Transport, L.L.C., under 49 C.F.R. §§ 376.11–.12, 390.5 et seq., 37 TEX. ADMIN. CODE § 4.11 et seq., and other applicable law.

V.

NEGLIGENCE PER SE

13. Defendants, collectively, individually, and/or through its agents or employees, violated safety rules and regulations that are intended to protect against the harm that resulted and to protect the Plaintiff and class of persons to which she belongs.

14. Defendants violated, *inter alia*, sections 545.301, 545.302 and 545.303 of the Texas Transportation Code, Rules 383.111, 383.113, 390.11, 390.13, 390.35 391.11, 391.13, 392.2, 392.3, 392.22, 392.33 and 393.95 of the Federal Motor Carrier Safety Regulations, and other safety standards and regulations designed to protect against the type of harm that resulted

from Defendants' negligent and grossly negligent operation of the tractor trailer involved in the incident in question.

15. These regulations provide minimum standards and do not allow for judgment or discretion in whether or how to comply with the regulations. The safety standards were intended to protect members of the public, including the Plaintiff Whitney Houston. Defendants' violation of these safety rules, regulations, and industry safety standards constitutes *negligence per se*.

## VI.
## PLAINTIFF'S CLAIM OF NEGLIGENCE
## AGAINST DEFENDANT JARVIS R. PAYTON

16. Plaintiff would show that Defendant Jarvis R. Payton was the driver of a tractor-trailer operated for profit. Further, Plaintiff would show this Court that the negligent acts and omissions of the Defendant Jarvis R. Payton and statutory violations, as set out herein, separately and collectively, were a direct and proximate cause of the incident in question and the resulting injuries and damages sustained by Plaintiff. Any statutory violations constitute negligence *per se*.

17. Defendant's violation of §§ 545.301-545.303 of the Texas Transportation Code, as well as other sections of the Texas Transportation Code and the Federal Motor Carrier Safety Regulations constitutes negligence per se. These rules were designed for the protection of a class of persons including Plaintiff. Defendant's violations of these rules and statutes created a risk of injury to Plaintiff which the standards were designed to protect against. Such negligence was a proximate cause of the injuries and damages suffered by the Plaintiff.

18. The negligent, careless and reckless disregard of the duty owed by Defendant Jarvis R. Payton also consisted of, but is not limited to, the following acts and omissions:

    a.    failing to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

    b.    failing to properly inspect and secure his load as required by the Federal Motor Carrier Safety Regulations;

    c.    failing to control and properly maintain his vehicle;

    d.    negligently parking his motor vehicle on the main traveled part of a poorly lit roadway in violation of, *inter alia*, §§545.301-545.303 of the Texas Transportation Code and rules 383.111, 383.113, 390.11, 390.13, 390.35 391.11, 391.13, 392.2, 392.3, 392.22, 392.33 and 393.95 of the Federal Motor Carrier Safety Regulations;

    e.    failing to comply with other applicable safety regulations, including the Texas Transportation Code and the Federal Motor Carrier Safety Regulations; and

    f.    such additional acts of negligence, which will be established as the case progresses.

## VII.
## PLAINTIFF'S CAUSE OF ACTION AGAINST DEFENDANT, LANDIS TRANSPORT, LLC

19.    The negligent acts and omissions of Defendant Landis Transport, L.L.C. and statutory violations, as set out herein, separately and collectively, were a direct and proximate cause of the incident in question and the resulting injuries and damages sustained by Plaintiff. Any statutory violations constitute negligence *per se*. More specifically, Defendants violated §§ 545.301-545.302 of the Texas Transportation Code, among others, as well as sections 383.111, 383.113, 390.11, 390.13, 390.35 391.11, 391.13, 392.2, 392.3, 392.22, 392.33 and 393.95 of the Federal Motor Carrier Safety Regulations, among others.

20.    Defendants' violations of these rules and statutes created a risk of injury to Plaintiff which the standards were designed to protect against. Such negligence was a proximate cause of the injuries and damages suffered by the Plaintiff.

PLAINTIFF'S ORIGINAL PETITION                           PAGE 6

21. Defendants' negligent acts and omissions also include, among others, the following:

    a. At the time and on the occasion in question, Defendant Jarvis R. Payton was in the course and scope of his employment with Defendant Landis Transport, L.L.C.. By virtue of the theory of respondeat superior, Defendant Landis Transport, L.L.C. is liable for all acts and omissions of negligence of its agent, employee, or representative, Defendant Jarvis R. Payton;

    b. entrusting the vehicle to Defendant Jarvis R. Payton when Defendant Landis Transport, L.L.C. knew or should have known that Defendant Jarvis R. Payton was an incompetent driver, unqualified to drive a commercial motor vehicle, inadequately trained, and/or reckless;

    c. failing to properly train Defendant Jarvis R. Payton in the operation of the vehicle in question;

    d. hiring and entrusting incompetent drivers, including Mr. Payton, with the right to operate a commercial motor vehicle;

    e. failing to do what a reasonably prudent motor carrier would do under the same and similar circumstance;

    f. failing to comply with the Texas Transportation Code and the Federal Motor Carrier Safety Regulations; and

    g. such other acts of negligence, which will be established as the case progresses.

22. Defendant's conduct was conducted with reckless disregard of the safety of others, including Plaintiff, and conscious indifference to the rights, welfare and safety of those persons affected by it, including Plaintiff.

## VIII.
## GROSS NEGLIGENCE

23. Plaintiff respectfully shows this court and jury that the injuries and damages that Plaintiff sustained in the incident in question were caused by the gross negligence of Defendants acting by and through their employees, agents, drivers, officers, and representatives in the course of employment for said Defendant.

24. Plaintiff would further show, these acts and omissions, when viewed from the standpoint of Defendants, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendants had actual, subjective awareness of the risks of their conduct, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

25. Additionally, Defendant Landis Transport, L.L.C. is grossly negligent as a result of recklessly hiring and entrusting a commercial motor vehicle to Defendant Jarvis R. Payton, who was unqualified, through training and/or experience, to operate and/or properly maintain a commercial motor vehicle. The reckless hiring of and entrusting a commercial motor vehicle to Jarvis R. Payton, who was unfit to operate and/or properly maintain a commercial motor vehicle, proximately caused Plaintiff's damages.

26. As such, Defendants are grossly negligent and should be subjected to exemplary damages.

## IX.
## DAMAGES FOR PLAINTIFF, WHITNEY HOUSTON

27. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff Whitney Houston has suffered severe injuries and incurred the following damages:

>   a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Whitney Houston, for the necessary care and treatment of the injuries resulting from the collision complained of herein and such charges are reasonable and were usual and customary charges for such services provided in the county in which they were paid or incurred;
>
>   b. Reasonable and necessary medical care and expenses that will, in all reasonable probability, be incurred in the future;
>
>   c. Physical pain and suffering in the past;
>
>   d. Physical pain and suffering that will, in all reasonable probability, be suffered in the future;

e. Physical impairment in the past;

f. Physical impairment, which, in all reasonable probability, will be suffered in the future;

g. Mental anguish in the past;

h. Mental anguish, which, in all reasonable probability, will be suffered in the future;

i. Loss of earnings and/or earning capacity in the past;

j. Loss of earning capacity, which, in all probability, will be incurred in the future;

k. Disfigurement in the past and future; and

l. Cost of medical monitoring and prevention in the future.

## X.
## PRAYER

28. Plaintiff, Whitney Houston, respectfully prays that, upon a final hearing or trial in this case, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court, and that the Court award exemplary damages, excluding interest, and as allowed by Sec. 41.008, Chapter 41, Texas Civil Practice and Remedies Code, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law, post-judgment interest at the legal rate, costs of court, and such other and further relief to which the Court determines Plaintiff is justly entitled at law or in equity.

PLAINTIFF'S ORIGINAL PETITION                                                                 PAGE 9

Respectfully submitted,

*[signature]*

Ryan H. Zehl
Texas State Bar No. 24047166
rzehl@fittszehl.com
Kevin C. Haynes
Texas State Bar No. 24055639
khaynes@fittszehl.com
FITTS ZEHL, LLP
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056
Telephone 713.491.6064
Facsimile  713.583.1492

**ATTORNEYS FOR PLAINTIFF
WHITNEY HOUSTON**



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this  May 2, 2013

Certified Document Number:        55535243 Total Pages: 10

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com

CAUSE NO. 201326397

```
                        RECEIPT   NO. 459979        0.00         MTA
                                  05-02-2013              TR # 72902383
PLAINTIFF: HOUSTON, WHITNEY                         In The  270th
    vs.                                             Judicial District Court
DEFENDANT: LANDIS TRANSPORT L L C                   of Harris County, Texas
                                                    270TH DISTRICT COURT
                                                    Houston, TX
```

CITATION (SECRETARY OF STATE CORPORATE NON-RESIDENT)

THE STATE OF TEXAS
County of Harris

TO: LANDIS TRANSPORT L L C (LOUISIANA CORPORATION) BY SERVING THE TEXAS
    SECRETARY OF STATE P O BOX 12079 AUSTIN TEXAS 78711-2079 FORWARD TO
    DEFENDANT'S HOME OFFICE AND PRINCIPAL PLACE OF BUSINESS IS LOCATED AT
    520 WINDERMERE CHASE E  MADISONVILLE LA 70447

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 2nd day of May, 2013, in the above cited cause number
and court. The instrument attached describes the claim against you.

   YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
   This citation was issued on 3rd day of May, 2013, under my hand and
seal of said Court.

```
Issued at request of:                  CHRIS DANIEL, District Clerk
ZEHL, RYAN HAMILTON                    Harris County, Texas
2700 POST OAK BLVD SUITE 1120          201 Caroline    Houston, Texas 77002
HOUSTON, TX 77056                      (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 491-6064
Bar No.: 24047166                      GENERATED BY: CUERO, NELSON   7MM/7MM/9562391
```

OFFICER/AUTHORIZED PERSON RETURN

   Received on the ____ day of _____, _____, at _____ o'clock ____ .M., and

executed the same in _____ County, Texas, on the ____ day of _____, _____, at

____ o'clock ____ .M., by summoning the _____,

         by delivering to _____, in person _____

a corporation <
         by leaving in the principal office during office hours

_____ of the said _____

a true copy of this notice, together with accompanying copy of

Serving _____ copy _____ $ _____